IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**CASE NO:1:09-cv-02288-RDB**

DONNA L. WHITAKER, *individually and on behalf* )
*of all others similarly situated*, )
7903 Orion Circle )
Unit 406 )
Laurel, MD 20724, )
                                                      Plaintiff, )
v. )
NAVY FEDERAL CREDIT UNION, )
*a federal credit union*, )
                                                       Defendant. )
_____/

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiff, Donna L. Whitaker, an individual ("Ms. Whitaker"), on behalf of herself and all others similarly situated, pursuant to Rule 105, Local Rules of the United States District Court for the District of Maryland, and Rule 54, Federal Rules of Civil Procedure, files this her Supplemental Memorandum in Support of Motion for Award of Attorneys' Fees and Costs:

**A.   THE ATTORNEYS' FEES FOR CLASS COUNSEL SHOULD NOT
BE LIMITED TO A LODESTAR RECOVERY IN LIGHT OF
THE CLASS BENEFITS OBTAINED**

As stated in the prior brief, it is well recognized that class counsel who create a common fund or benefit are entitled to reasonable attorney's fees from the fund or benefit as a whole. See, Owing v. Van Genert, 444 U.S. 472, 478 (1980); In Re General Motors Corporation Pick-up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768 (3rd Cir.1995). The common fund or benefit approach encourages counsel to vindicate the rights of class members, many of whom have small individual claims:

Courts have acknowledged the economic reality that in order to encourage

> "private attorney general" class actions brought to enforce the ... laws on behalf of persons with small individual lawsuits, a financial incentive is necessary to entice capable attorneys, who otherwise could be paid regularly by hourly-rate clients, to devote their time to complex, time-consuming cases for which they may never be paid.

Masburn v. National Healthcare, Inc., 684 F.Supp. 679, 687 (M.D. Ala. 1988)(*citations omitted*);

To be sure, if counsel were not adequately compensated in successful cases, then effective representation for plaintiffs in these cases may disappear:

> The contingency fee and the class action are "the poor man's keys to the courthouse." Both vehicles allow the average citizen taxpayer to have their injuries redressed and their rights protected. Both permit persons of limited resources to obtain competent counsel, an essential ingredient in an adversarial system of justice ... if the plaintiff's bar is not adequately compensated for its risks, responsibility, and effort when it is successful, then effective representation for plaintiffs in these cases will disappear... we as members of the judiciary must be ever watchful to avoid being isolated from the experience of those who are actively engaged in the practice of law. It is difficult to evaluate the effort it takes to successfully and ethically prosecute a large plaintiff's class action suit. It is an experience in which few of us have participated. The dimensions of the undertaking are awesome.

Muehler v. Land O'Lakes, Inc., 617 F.Supp. 1370, 1375-76 (D.Minn.1985) [awarding requested 35% fee of common fund]; see, also, Blum v. Stemson, 465 U.S. 886, 900 (1984).

### B. THE FOURTH CIRCUIT RECOGNIZES THE IMPORTANT ROLE OF CONTINGENT FEES IN PROVIDING ADEQUATE COMPENSATION TO ATTORNEYS

In the recent case of In Re Abrams and Abrams, P.A., 605 F.3d. 238 (4th Cir.2010), the Fourth Circuit addressed the importance of contingency fee agreements in the context of the representation of persons unable to otherwise retain counsel. In In Re Abrams, personal injury attorneys obtained an $18 million personal injury settlement for their disabled minor client. On the fee application for the plaintiff law firm, the district court reduced the contracted $6 million fee award from 33% to 3% or $600,000. Id. at 242-243.

After discussing the relevant factors set forth in the Johnson v. Georgia Highway Express,

488 F.2d 714 (5th Cir. 1974), as adopted by the Fourth Circuit in Farber v. Kimbrell-S, Inc., 577 F.2d 216, 226 (4th Cir. 1978), the Court held:

> The chief error in the district court's analysis was the failure to recognize the significance of the contingency fee in this case. The court obviously knew that a contingency fee was involved but it did not give that fact the weight it was due in the decisional calculus... Fixing a lodestar fee in this contingency case was error and threatens to nullify the considerable advantages of contingency arrangements.
>
> Id. at 245.

The Court further stated:

> As an initial matter, contingencies provide access to counsel for individuals who otherwise have difficulty obtaining representation. Sadly, plaintiff sometimes has little to offer a lawyer other than his personal plight... It may be necessary to provide a greater return than an hourly fee offers to induce lawyers to take on representation which may not ever be paid, it makes sense to arrange these fees as a percentage of recovery... In other words, plaintiffs may find it difficult to obtain representation if attorneys know their reward for accepting a contingency case is merely payment at the same rate they could obtain risk-free for hourly work, while their down side is no payment whatsoever.
>
> Id. at 245-247.

In determining the reasonable attorney's fees of Class Counsel, this Court should consider that Class Counsel undertook the representation based on a results obtained contingency basis. Awarding attorney's fees solely on a lodestar is not adequate compensation to Counsel for the risk and delay in compensation for services. This position is especially compelling in light of the uncertainty of a favorable result in the instant action.

Unlike the attorneys for Navy Federal, Class Counsel did not have the assurance of being paid a fixed hourly fee upon remittance of a periodic bill. Indeed, determining attorney's fees based solely on a lodestar will reward attorneys for protracting or escalating litigation in the hope of earning a greater fee. To be sure, the Court should reward efficiency and effectiveness.

/s/ Robert W. Murphy
ROBERT W. MURPHY
Florida Bar No. 717223 (*pro hac vice*)
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
rphyu@aol.com

THE KENNEDY LAW FIRM
Counsel for Plaintiff
Maryland Consumer Law Group
PO Box 657
Edgewater, Maryland 21037
Telephone: (443) 607-8901
Fax: (443) 607-8903
bernardtkennedy@yahoo.com

By:   /s/ Bernard T. Kennedy
        BERNARD T. KENNEDY
        Bar No. 26843

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on Neil Gilman, Esquire, Hunton & Williams LLP, 1900 K Street, N.W., Washington, D.C. 20006 and to Bernard T. Kennedy, Esquire, The Kennedy Law Firm, Maryland Consumer Law Group, PO Box 657, Edgewater, MD 21037, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/ Robert W. Murphy
Attorney